■ MARINE OFFICE-APPLETON & COX CORPORATION, Appellant, v HAROLD L. VAN WAGNER et al., Respondents, et al., Defendant. — Order of the Supreme Court, New York County (Sherman, J.), entered October 21, 1980, granting reargument, and upon reargument adhering to its original decision which granted the motions of the individual defendants, Harold L. Van Wagner and Robert G. Arthur, for summary judgment dismissing the complaint, unanimously reversed, on the law, the motions denied, and the complaint reinstated, with costs. The appeal from the order of September 8, 1980 is dismissed as academic, without costs. The complaint alleges that the individual defendants were stockholders and officers of Van Wagner & Co., Inc., a corporation, now defunct, which was a licensed insurance broker. It is claimed that this corporation failed to remit the sum of $10,193.30 collected in 1973 as premiums for insurance issued by plaintiff-appellant, as insurance carrier. Plaintiff-appellant seeks to recover that sum from the individual defendants for breach of a fiduciary duty in failing to turn over earned premiums in that amount collected upon plaintiff-appellant's behalf from its assureds. "[I]t is almost self-evident that, when the broker collects premiums * * * he necessarily becomes a fiduciary for the insurer — for it is 'on its behalf' that he receives those funds" *(Bohlinger v Zanger,* 306 NY 228, 239; Insurance Law, § 125). A search of the record discloses there are issues of fact present. The individual defendants, while admitting ownership of stock at certain times, disagree as to dates of such ownership and their respective duties in the brokerage corporation. Each denies any fiduciary responsibility in connection with the fiscal conduct of the corporation, more particularly in the handling of premium accounts. Individual officers, in failing to exercise due care in accounting for premiums, breach a trust owed to an insurance carrier and may be held personally

accountable *(Matter of Leterman v Fink,* 249 App Div 164, affd *sub nom. Matter of Ebenstein v Pink,* 275 NY 613). A trial is required to ascertain the involvement of the individual defendants in the affairs of the corporate defendant and thus determine whether either or both of the individuals owed any duty to plaintiff-appellant. Concur — Birns, J.P., Sandler, Ross, Markewich and Bloom, JJ.