■ FRONTIER INSURANCE COMPANY IN REHABILITATION, Respondent, v MYSTIC BROKERAGE, INC., et al., Appellants. (And a Related Proceeding.) [848 NYS2d 752]—

Crew III, J. Appeals (1) from an order of the Supreme Court (Sackett, J.), entered September 15, 2006 in Sullivan County, which, among other things, granted plaintiff's motion for partial summary judgment, and (2) from the judgments entered thereon.

Defendant Mystic Leasing Service Corporation is a New York City taxicab agent that leases "medallions" to taxi drivers in the city. Defendant Mystic Brokerage, Inc. is a licensed insurance broker engaged in brokering insurance policies for drivers of the Mystic Leasing fleet. Defendant Transportation Risk Group, Inc. (hereinafter TRG) purchases liability insurance on a group basis for drivers of the Mystic Leasing fleet. As the result of TRG's efforts, plaintiff began issuing insurance policies to Mystic Leasing's fleet drivers in 2000 and, between May 2000 and March 2002, when plaintiff ceased issuing such policies, plaintiff issued approximately 2,800 policies. At the time it began issuing the policies, plaintiff agreed to collaborate with Mystic Brokerage and TRG in the creation of an offshore rent-a-captive reinsurance program. Negotiations for the reinsurance program were ongoing until 2001 when the program apparently was abandoned.

In 2003, plaintiff commenced an action against Mystic Leasing, Mystic Brokerage, TRG and the various officers of Mystic Brokerage and TRG seeking $4,836,134.78 in unremitted premiums paid on the insurance policies issued by it. Simultaneously, plaintiff commenced a proceeding against the same parties seeking to restrain defendants from disposing of the unremitted premiums. Defendants counterclaimed, asserting their entitlement to the unremitted premiums as damages for plaintiff's alleged breach of the agreement to form the offshore reinsurance program. Following joinder of issue and considerable discovery, plaintiff moved for partial summary judgment seeking $2,758,782.20 in unremitted premiums, and defendants cross-moved seeking dismissal of the complaint and related petition. Supreme Court granted plaintiff's motions and denied the cross motions, prompting these appeals.

It is uncontroverted that TRG received $15,384,681.22 in premiums during the period of time that plaintiff was issuing policies to Mystic Leasing's fleet drivers and that TRG remitted only $12,625,899.02 to plaintiff. Clearly, then, plaintiff was owed $2,758,782.20 and Supreme Court properly granted summary judgment in that amount as against Mystic Brokerage which, in its fiduciary capacity, constitutes the trustee of such moneys (*see Bohlinger v Zanger*, 306 NY 228, 234 [1954]) and against TRG, which admittedly possessed such premiums and was

responsible for remitting them to plaintiff. Additionally, summary judgment was properly granted as against defendants Barbara Kodogiannis, Hedy Kodogiannis and Maria Kodogiannis who, as officers of Mystic Brokerage, are personally liable to plaintiff (*see Marine Off.-Appleton & Cox Corp. v Van Wagner*, 83 AD2d 800, 800-801 [1981]).

We likewise affirm Supreme Court's dismissal of the counterclaim and its denial of the claimed setoff. We find no evidence of a contract concerning the proposed offshore reinsurance program. Rather, the parties had an agreement to agree. If there be any doubt to this conclusion, one has only to review the correspondence between counsel for Mystic Brokerage, its principals and TRG and Lansdowne Insurance Company, Ltd., a reinsurer that was to become part of the reinsurance program. In a June 2001 letter, Mystic's counsel advised Lansdowne that while Mystic was still interested in the program, the details thereof "remain[ed] rather fuzzy." Defendants' remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P.J., Mugglin, Rose and Kane, JJ., concur. Ordered that the order and judgments are modified, on the law, without costs, by reversing so much thereof as rendered judgment against defendant Mystic Leasing Service Corporaton and defendant Gus Kodogiannis; and, as so modified, affirmed.